a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANNA MASSAQUOI #A057-743-631, Petitioner | CIVIL DOCKET NO. 1:25-CV-00460 SEC P |
| VERSUS | JUDGE EDWARDS |
| LATASHA GARDNER ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus filed by pro se Petitioner Manna Massaquoi ("Massaquoi"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. Massaquoi seeks his release from detention and monetary damages.

Because Massaquoi is not entitled to habeas relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I.  Background

Massaquoi received an incident report for a disciplinary infraction, and an investigation was conducted the following day. ECF No. 3-1 at 1-3. The Unit Disciplinary Committee determined that the incident should be referred to the Institution Disciplinary Panel. *Id.* at 4. A hearing was scheduled, and Massaquoi received advanced written notice of the hearing. *Id.* at 5-7.

Massaquoi waived his right to a staff representative and made a statement at the hearing. *Id.* at 7. Massaquoi was found guilty of the disciplinary infraction based

1

on the incident report, the investigation, and the Unit Disciplinary Committee's report. *Id.* at 8. He was sanctioned with 30 days of segregation and 30 days loss of commissary and tablet usage. ECF No. 3-1 at 7.

## II. Law and Analysis

A petitioner may seek habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935. Rather, habeas is only appropriate where a favorable determination would "automatically entitle" the petitioner to accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995)).

Massaquoi's disciplinary conviction resulted in sanctions affecting only the conditions of his detention rather than its basis or duration. Even if the disciplinary conviction was "false" as alleged, Massaquoi is not entitled to release. Accordingly, he fails to state a viable claim under § 2241. *See Swaissi v. Bowles*, 3-02-CV-273, 2002 WL 1359708, at *1 (N.D. Tex. June 19, 2002) (immigration detainee's disciplinary sanctions did not affect the fact or duration of his physical confinement).

Additionally, monetary damages are not available through a habeas petition. *See Nunez Reynoso v. Reeves Cnty. Det. Ctr. III*, 2:22-CV-00108, 2022 WL 18215908,

at *3 (S.D. Tex. Dec. 8, 2022), *report and recommendation adopted*, 2023 WL 149063 (S.D. Tex. Jan. 10, 2023) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)).

### III.  Conclusion

Because Massaquoi fails to state a viable habeas claim, IT IS RECOMMENDED that the Petition (ECF No. 3) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on day Monday, October 27, 2025

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3